**IN THE COURT OF APPEALS OF IOWA**

No. 16-1995
Filed January 25, 2017

**IN THE INTEREST OF C.L.,**
**Minor Child,**

**S.L., Mother,**
      Appellant.
_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Jacob L. Mason of JL Mason Law, P.L.L.C., Ankeny, for appellant mother.

Thomas J. Miller, Attorney General, and David M. Van Compernolle, Assistant Attorney General, for appellee State.

Nicole Garbis Nolan of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals the juvenile court's order terminating her parental rights to her child, C.L., born in March 2016.[1]  She argues (1) the State failed to prove the statutory grounds for termination by clear and convincing evidence, (2) termination is not in the child's best interests, (3) the court should have granted her an additional six months to work toward reunification with her child, and (4) an exception to termination exists because the child is placed in his maternal aunt's care.

We review termination-of-parental-rights proceedings de novo.  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses."  *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)).  Our primary consideration is the best interests of the child.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The mother has a lengthy history of substance-abuse issues.  Both the mother and the child in this case tested positive for methamphetamine at the time of the child's birth.  Less than two weeks later, the mother consented to the child's removal from her custody due to her arrest for a probation violation and new federal drug charges.  The child was released from the hospital after his birth to the care of his maternal aunt, and he has lived with her since that time.  The child is thriving in his aunt's care where he is placed with his half-brother.  The aunt is ready, willing, and able to adopt this child.

---

[1] The father voluntarily consented to the termination of his parental rights.  He does not appeal.

Since our ruling affirming the termination of the mother's parental rights to her oldest child in *In re C.L.*, No. 16-1410, 2016 WL 6396069, at *1 (Iowa Ct. App. Oct. 26, 2016), the mother has pled guilty to federal criminal charges for possession with intent to distribute methamphetamine and is in federal custody awaiting sentencing. She faces up to twenty years in federal prison.

The record shows the circumstances that led to the termination of the mother's parental rights to her oldest child are the same or similar to the circumstances in the case before us. Based upon our de novo review of the record, termination of the mother's parental rights is in this child's best interests. As we determined in *In re C.L.*, 2016 WL 63960669, at *1, the mother's request to establish a guardianship for the child with his maternal aunt will likely not provide the child with the stability and permanency he deserves. *See In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997) ("An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child."); *see also In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009) ("[A]t some point, the rights and needs of the child[] rise above the rights and needs of the parent.").

Accordingly, we affirm the juvenile court's order terminating the mother's parental rights without further opinion, pursuant to Iowa Court Rule 21.26(1)(a), (d), and (e).

**AFFIRMED.**